IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGG ROBERT LUEDDE<br>(BOP Register No. 22686-078),<br><br>Petitioner,<br><br>V.<br><br>K. ZOOK, Warden, FCI Seagoville,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:20-cv-223-S-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Gregg Robert Luedde, an inmate at a federal facility in this district, filed a *pro se* habeas petition under 28 U.S.C. § 2241, asserting the inadequacy of 28 U.S.C. § 2255 and arguing that he is actually innocent of his federal sentence because it was "imposed as having been based upon 'unconstitutionally vague' language." Dkt. No. 3 (citing *United States v. Davis*, 139 S. Ct. 2319 (2019)). The presiding United States district judge referred Luedde's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the Section 2241 petition for lack of jurisdiction.

Luedde pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A, and, in November 2015, he was sentenced to 121 months of imprisonment. *See United States v. Luedde*, No. 4:14-cr-00152-ALM-CAN (E.D. Tex.), Dkt. No. 44. He

did not file a direct appeal. But, in June 2016, he did file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, seeking relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and he later voluntarily dismissed his Section 2255 action. *See Luedde*, No. 4:14-cr-00152, Dkt. Nos. 53 & 56.

He now seeks to vacate his criminal judgment under Section 2241, arguing that, consistent with *Johnson* and, more recently, *Davis*, his child pornography conviction is invalid because the federal statute under which he was convicted is also unconstitutionally vague. *See, e.g.,* Dkt. No. 3 at 2.

> A § 2241 petition and a § 2255 motion "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is the primary mechanism for collaterally attacking a federal sentence, and a § 2255 motion must be filed with the sentencing court. *Id.* "A petition filed under § 2241 that attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). A prisoner challenging the validity of his conviction ordinarily must do so under § 2255 and may proceed under § 2241 only if he shows that his § 2255 remedy was inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).

*Lewis v. McConnell*, 783 F. App'x 442, 442 (5th Cir. 2019) (per curiam) (citation modified); *see also Robinson v. United States*, 812 F.3d 476, 476-77 (5th Cir. 2016) (per curiam) ("A petition filed under § 2241 that raises errors that occurred at or prior to sentencing should be construed as a § 2255 motion. [*Tolliver*, 211 F.3d] at 877-78. However, under the savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).").

First – without addressing the merits of a *Davis*-based constitutional vagueness challenge to Section 2252A – Luedde fails to show why such a constitutional challenge, even if considered successive, cannot be made under Section 2255 in the district in which he was convicted. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001) ("[A]s [28 U.S.C. § 2255(h)(2)] speaks only to intervening Supreme Court decisions based on constitutional grounds, the provision does not provide any avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute." (citations omitted)); *see, e.g., Karr v. Kallis*, No. 19-cv-1037-JES, 2019 WL 3416653, at *3 (C.D. Ill. July 9, 2019) ("The savings clause is restricted to cases of statutory interpretation because appropriate cases of constitutional interpretation can be brought in second or successive § 2255 motions under § 2255(h)(2)."); *see also Brown v. Caraway*, 719 F.3d 583, 597 (7th Cir. 2013) ("A motion under § 2255 could reasonably be thought 'inadequate or ineffective to test the legality of [the prisoner's] detention' if a class of argument were categorically excluded, but when an argument is permissible but fails on the merits there is no problem with the adequacy of § 2255.").

And, as established in *Reyes-Requena*, to successfully invoke the savings clause in this circuit, a petitioner "must show that his claims are 'based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense' and were 'foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion.'" *Robinson*, 812 F.3d at 477 (quoting *Reyes-Requena*, 243 F.3d at 904; citing *Jeffers*, 253

F.3d at 830-31).

Here, Luedde identifies *Davis* as the retroactively applicable Supreme Court decision, but he fails to show that *Davis* itself establishes that he may have been convicted of a nonexistent offense – that is, he has not shown "that his claim meets the requirements of the savings clause" by explaining how the Court may apply the vagueness holding in *Davis* to Section 2252A. *Cf. Lewis*, 783 F. App'x at 442-43 ("Although the Supreme Court[, in *Davis*,] held that § 924(c)(3)(B) is unconstitutionally vague, and we have determined that *Davis* applies retroactively on collateral review of an initial § 2255 motion, Lewis has failed to show that his claim meets the requirements of the savings clause. This is so because the predicate for his § 924(c) conviction, a Hobbs Act robbery offense, is categorically a crime of violence under the elements clause of § 924(c)(3)(A)." (citations and footnote omitted)).

Absent the savings clause, the Court is without jurisdiction to consider Luedde's Section 2241 petition attacking his underlying conviction and sentence. *See, e.g., Carter v. Blackmon*, 732 F. App'x 268, 270 (5th Cir. 2018) (per curiam) ("Although the district court did not address its jurisdiction under the savings clause, we are required to examine it. Carter has failed to show that he was actually innocent of the crime of conviction, and he is not entitled to use the savings clause of § 2255 to challenge his sentence by petitioning under § 2241. Because Carter failed to meet the savings-clause standard and was convicted and sentenced in the Eastern District of Missouri, the district court for the Southern District of Mississippi lacked jurisdiction to consider his *Johnson* and *Mathis* claims." (citations omitted)).

**Recommendation**

The Court should dismiss the 28 U.S.C. § 2241 petition for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 31, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE